OPINION
{¶ 1} Defendant-appellant Marva Jenkins appeals, in two separate appeals, from her convictions and sentences for two violations of a domestic violence protection order entered in a divorce case. The domestic violence protection order, entered March 16, 2007, in the Montgomery County Common Pleas Court, Division of Domestic Relations, *Page 2 
to be effective for five years, lists Brian K. Jenkins, then Jenkins's husband, now her former husband, as a protected person.
 {¶ 2} The order includes the following provisions:
 {¶ 3} "7. RESPONDENT SHALL NOT INITIATE ANY CONTACT with the protected persons named in this Order or their residences, businesses, places of employment, schools, day care centers, and babysitters. Contact includes, but is not limited to, telephone, fax, e-mail, voice mail, delivery service, writing, or communications by any other means in person or through another person.
 {¶ 4} "* * * *
 {¶ 5} "13. PARENTING TIME ORDERS DO NOT PERMIT RESPONDENT TO VIOLATETHE TERMS OF THIS ORDER.
 {¶ 6} "* * * *
 {¶ 7} "(B) As a limited exception to paragraph 6, temporary parenting time rights are established as follows: [NCIC 06] Pursuant to theTemporary Orders in case number 06DR1173, with the exchange to takeplace at McDonalds on the corner of Salem and Freepike." (Bolding, underlining, and bracketed material in original.)
 {¶ 8} Jenkins was charged with having violated this order by contacting her ex-husband by telephone, at his place of employment, on May 22 and on August 22, 2007, leaving a message on an answering machine each time. Following a single bench trial, Jenkins was found guilty of both charges. She was fined $1,000 for each offense, with $950 of each fine being suspended, and she was sentenced to six months in jail for each offense, to be served concurrently, with all but two weeks suspended. Probation for a period of one year was ordered. *Page 3 
 {¶ 9} From her convictions and sentence, Jenkins appeals. Her assigned counsel has filed a brief under the authority of Anders v.California (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, indicating that she was unable to find any potential assignments of error having arguable merit. Jenkins has filed her own, pro se briefs, one on December 31, 2008, and one on March 12, 2009. We have performed our duty, under Anders v. California, supra, to review the record independently.
 {¶ 10} Jenkins's assigned counsel has identified several potential issues for review. The first of these concerns the admission into evidence, by stipulation, of an original and an amended temporary protection order, the final protection order, and the proof of service of the order upon Jenkins. We agree with counsel that the admission of these documents in evidence by stipulation raises no potential assignments of error having arguable merit. The orders all exhibit timed file stamps of the office of the clerk of the domestic relations court. The return of service, while confusing, is of no significance, since Jenkins signed the final domestic violence protection order, which she has been convicted of violating, underneath the legend: "I have read this Consent Agreement and Civil Protection Order and agree to its terms."
 {¶ 11} The next potential issue raised by assigned counsel is: "Did the trial court have and did the State prove venue?" As counsel notes, there was evidence that the offending telephone calls were received at Jenkins's husband's place of employment in Harrison Township, Montgomery County, Ohio. Harrison Township is within the territorial jurisdiction of the Vandalia Municipal Court, in which Jenkins was tried and convicted. R.C. 1901.02(B). Therefore, we agree with counsel that this issue raises no potential assignments of error having arguable merit. *Page 4 
 {¶ 12} The next potential issue raised by assigned counsel is whether trial counsel rendered ineffective assistance by allowing Jenkins to testify, admitting to violating the protection order, and by failing to challenge venue or jurisdiction. The issue of venue or jurisdiction has already been addressed. Although Jenkins did testify, and did, in her testimony admit to having placed the telephone calls, we cannot know, from this record, whether Jenkins testified upon the advice of her counsel, or against his advice. Therefore, there is no way that this record could support an assignment of error framed upon a claim of ineffective assistance of counsel, based upon this issue.
 {¶ 13} The next potential issue raised by assigned counsel is: "Did the trial court improperly allow this to proceed as a criminal prosecution rather than referring it back for civil contempt proceedings and/or was there sufficient evidence to support the trial court's finding of guilt?" Counsel could find no authority, and we not aware of any authority, for the proposition that the complaint that Jenkins had violated a domestic violence protection order could not proceed as a criminal prosecution.
 {¶ 14} The sufficiency of the evidence is also touched upon in Jenkins's pro se briefs. The theory of her defense is that on both the May 22 and December 22, 2007 occasions, she was simply calling Brian Jenkins to inform him that she was going to be late for the transfer of the children at McDonald's. There are two problems with this defense. The first is that the order expressly limits the exception represented by the parenting time order to provision 6 of the domestic violence protection order, which orders Jenkins to stay away from (by at least 500 feet) Brian Jenkins. There is no similar exception to provision 7, which prohibits Jenkins from initiating contact with Brian Jenkins. We can appreciate the difficulty this presents in a situation where Jenkins *Page 5 
would be running late for a scheduled transfer, but as the trial court explained to Jenkins at her sentencing hearing, this is a matter to take up with the domestic relations court that issued the order.
 {¶ 15} The second problem with this defense is that in her own testimony, Jenkins admitted that her telephone calls to Brian Jenkins on May 22 and on December 22, 2007, were not limited to the subject of her running late. She admitted to having telephoned Brian Jenkins twice on May 22, 2007, and only the first of these calls concerned her running late for the scheduled transfer. The second telephone call she characterized as follows:
 {¶ 16} "Yes, when I returned home [in Columbus, Ohio] I called to say if the children are not returned to me I'm turning in this tape as evidence that we have been suffering abuse and I would like the children to be here by 12:00 noon."
 {¶ 17} As for Jenkins's telephone call on August 22, 2007, she characterized that call as follows:
 {¶ 18} "Q. And what was the purpose of that phone call?
 {¶ 19} "A. Again, the same thing. My, I had a visitation with the children and he switched the date and said that he already had something planned for the children and I had to wait three weeks to see my kids and when I finally did the baby, Divine, had a horrible bruise under her chin that was black, purple and a fuchsia color that almost covered her complete chin and I saw photographs of it."
 {¶ 20} While this testimony is not particularly clear, it is evident that the telephone call described therein concerned more than just the fact that Jenkins was running late, and may have been the kind of confrontational contact that the domestic violence *Page 6 
protection order was designed to prevent.
 {¶ 21} Finally, Jenkins's assigned appellate counsel raises as a potential issue: "Did the trial court err in sentencing Appellant?" We agree with counsel's conclusion that the sentence imposed was within the trial court's authority, and was not an abuse of discretion.
 {¶ 22} In her own, pro se briefs, besides touching upon her defense that she was merely telephoning to let Brian Jenkins know that she would be late, which we have already discussed, and a number of irrelevant matters, Jenkins suggests that she never had a chance to see the order she allegedly violated. The trial court was certainly entitled to find, to the contrary, that Jenkins both saw, and was familiar with, the order, based upon her having signed it underneath the legend indicating that she had read it, and agreed to its terms.
 {¶ 23} Our independent review of the record, in accordance withAnders v. California, supra, has not resulted in our finding any potential assignments of error having arguable merit. We conclude that this appeal is wholly frivolous. Accordingly, the judgment of the trial court is Affirmed.
DONOVAN, P.J., and FROELICH, J., concur. *Page 1